IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                          PLAINTIFF

V.                          Criminal No. 2:26-cr-20005-JTS-1

JUAN EDGAR BARAJAS                                              DEFENDANT

## ORDER

Presently before the Court is the Defendant's Notice of Claim and Objection to Forfeiture of Assets filed on May 21, 2026.  (ECF No. 50).  In it, the Defendant asserts that "the items," for which no specifics are given, "were purchased with legal means" and he requests that his assets be returned and that the forfeiture be denied.  The Government responded in opposition on May 28, 2026.  (ECF No. 53).  The Motion was referred to the undersigned on June 10, 2026.  (ECF No. 68).

Defendant was arrested on April 18, 2026, on a federal Criminal Complaint.  (ECF Nos. 1, 2).  On April 29, 2026, an Indictment was returned by the Grand Jury for the Western District of Arkansas charging the Defendant in five of the six counts in the Indictment.  The Indictment did not contain a forfeiture allegation.  (ECF No. 11).  A Superseding Indictment was returned by the Grand Jury on June 2, 2026, charging the Defendant in six of the eight counts in the Superseding Indictment.  The Superseding Indictment also does not contain a forfeiture allegation.  (ECF No. 54).  Defendant was arraigned on the Superseding Indictment on June 10, 2026, and his case is presently set for trial on August 24, 2026.  (ECF No. 67).

As the Government notes, the State of Arkansas has filed a Verified In Rem Complaint in a civil forfeiture proceeding regarding the seized property.  Sebastian County Circuit Court, Case No. 66FCV-26-748, *State of Arkansas v. Juan Edgar Barajas, et al*.  Defendant has, through

counsel, filed a Notice of Claim and Objection to Forfeiture of Assets in that state court forfeiture action.

While the Defendant refers to "Fed. Rules of Criminal Procedure, Constitutional rights, all other applicable statutory and case law," he cites no specific legal authority for his request. Rule of Criminal Procedure 41(g) governs the return of property, and it provides that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return," and that the motion must be filed in the district where the property was seized. Rule 41(g) does not apply, however, when the seized property is subject to forfeiture. *See Jackson v. United States*, 526 F.3d 394, 397 (8th Cir. 2008) (internal citation omitted). The proper place to litigate the legality of the seizure of property for forfeiture is in the forfeiture proceeding, rather than on a motion for return of property. *See United States v. Hernandez*, 911 F.2d 981, 983 (5th Cir. 1990); *United States v. Castro*, 883 F.2d 1018, 1019 (11th Cir. 1989).

Here, there is a civil forfeiture proceeding pending in state court, and the Defendant has asserted his interest in the seized property in that civil forfeiture action. His Notice of Claim and Objection to Forfeiture of Assets in this criminal action is, therefore, properly denied. Accordingly, the Defendant's Notice of Claim and Objection to Forfeiture of Assets (ECF No. 50) is **DENIED**.

IT IS SO ORDERED on this 16th day of June 2026.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE